# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:09cv238

| | |
|---|---|
| BARBARA W. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the parties' cross Motions for Summary Judgment [Docs. 10 and 14], the Magistrate Judge's Memorandum and Recommendation (M&R) [Doc. 18], and the Plaintiff's Objections thereto [Doc. 19] regarding the disposition of those motions.

Pursuant to 28 U.S.C. § 636(b) and a specific Order of referral of the district court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider these pending motions in the above-captioned action and to submit to this Court a recommendation for the disposition of these motions.

On July 21, 2010, the Magistrate Judge filed a Memorandum and Recommendation (M&R) [Doc. 18] in this case containing proposed conclusions of law in support of a recommendation regarding the motions [Doc. 10 and 14]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. Within the period for filing objections, Plaintiff filed her Objections to the Memorandum and Recommendation. [Doc. 19]. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the M&R, **GRANTS** Defendant's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **AFFIRMS** the Commissioner's decision.

**I.    BACKGROUND**

Plaintiff does not lodge any specific objections to the facts or procedural history section contained in the M&R, and, upon de novo review, those findings appear to be substantially supported by the record. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

## II. STANDARD OF REVIEW

The district court has authority to assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

Plaintiff states two sets of objections to the Memorandum and Recommendation (M&R): one set is an incorporation of the Assignments of Error in the ALJ's decision that Plaintiff made in her original Memorandum in support of her Motion for Summary Judgment [Doc. 11], and the other set states that four additional errors were made in the M&R.

Plaintiff's second objection in the statement of additional errors merely states that "[c]ontrary to the holding in the M & R, the Plaintiff has addressed the ALJ's failure to comply with SSR 82-62 ... at great length." [Doc. 19-3]. Plaintiff's third objection in the statement of additional errors states that "[t]he M&R disregards and fails to mention that SSR 96-8p states 'RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities.'" Both objections mischaracterize the holdings and recommendations set out in the M&R[1]. As such, they do not direct the Court to a specific error in the M&R, and therefore must be overruled. Orpiano, 687 F.2d at 47 (4th Cir. 1982). Likewise, the Plaintiff's objections which simply reiterate the errors assigned in the order of

---

[1] The M&R finding to which objection 2 relates, accurately notes that Plaintiff's original Memorandum quotes extensively from SSR 82-62, but does not state an argument why the ALJ's findings thereon are insufficient. The M&R finding to which objection 3 relates does, contrary to Plaintiff's assertion, quote that provision and more fully discuss SSR 96-8p. In both Plaintiff's original Memorandum and in her discuss of objection 3, she offers no facts or argument why the ALJ's findings prejudiced her.

4

the ALJ but do not point to any error in the M&R are likewise overruled. Id.

As explained below, the Court finds the remaining two objections to be without merit.

**Dr. Rheindollar's updated disability opinion**

Plaintiff argues that the Magistrate Judge erred in concluding that it was proper for the Appeals Council to fail to consider Dr. Reindollar's updated disability opinion. [T. 597-601]. Plaintiff asserts that this opinion could not reasonably be ignored because Dr. Reindollar was (a) a treating physician (b) whose opinion was entitled to controlling weight; and that if it were given controlling weight, the Plaintiff should have been found disabled. [Doc. 19 at 2]. The Magistrate Judge, however, concluded that there is no reasonable possibility that the new opinion would have caused the ALJ to change the outcome because the opinion was not material within the rule of Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 nt. 4 (4th Cir. 1991).

Plaintiff does not dispute that under Wilkins new evidence received by the Appeals Council only warrants a new proceeding before the ALJ if there is a reasonable possibility that the new evidence would change the ALJ's decision. Id. at 96 n.4. See also, Yost v. Astrue, 2010 WL 311432 (D.Md. Jan

19, 2010), Small v. Astrue, 2009 WL 3029737, 145 Soc.Sec.Rep.Serv. 660 (E.D.N.C. Sep 22, 2009), Bryant v. Barnhart, 2005 WL 1804423 (W.D.Va. Jan 21, 2005).

The only difference between Dr. Rheindollar's earlier report that was presented to the ALJ and the new report submitted to the Appeals Council is that the new report states that Plaintiff's levels of functional limitations existed since October 29, 2002, (the first date on which Dr. Rheindollar saw Plaintiff), which is prior to the Plaintiff's Date Last Insured (DLI).

The question posed by the inclusion of the Reindollar opinion in this record is whether it is entitled to controlling weight as the opinion of a primary treating physician.

Regulations require the Commissioner to evaluate every medical opinion he receives, and unless he gives a treating source's opinion controlling weight, to evaluate all of the following factors in deciding the weight to attribute to any medical opinion: (1) Examining versus non-examining relationship; (2) treating versus consulting relationship, with more weight to longer relationships with more frequent examinations, and to those resulting in the greater knowledge of the treating source about the impairments; (3) supportability of the opinion through medical signs and laboratory findings; (4) consistency with the record as a whole; (5) specialization in the issues opined

upon; and (6) other factors. *See* 20 CFR 404.1527. The opinion of a treating physician is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2).

The updated opinion was made retrospective, specifically to the date of his first appointment with Plaintiff, October 29, 2002, just two months prior to Plaintiff's DLI. Dr. Reindollar's opinion, however, was inconsistent with other substantial evidence, and even inconsistent with his own progress notes regarding the Plaintiff. It contradicts Dr. Reindollar's own records for the one visit that Plaintiff made to him before her DLI, and also contradicts those for every visit until February 9, 2004. On her one pre-DLI visit and her three visits to Dr. Reindollar during 2003, Plaintiff reported doing well; there is no indication of disability. The lengthy review of symptoms taken at every visit showed just two complaints on separate visits throughout those 15 months: sciatica and benign cardiac symptoms. Dr. Reindollar is a specialist in liver disease; he was not treating her for those symptoms, so his notations about those symptoms would fall into the category of general observations, not medical opinions, and as such are entitled to little weight to support his issuing a disability opinion. Bass v. McMahon, 499 F.3d 506, 510 (6th Cir. 2007). His treatment of her liver put her liver disease into remission by the second

7

visit.

The inconsistencies between the type and degree of limitations stated in his updated opinion and those stated in his treatment records strongly diminish the weight attributable to Dr. Reindollar's opinion. Further, Dr. Reindollar only saw Plaintiff once prior to the DLI. This single visit qualified his opinion about the pre-DLI period for no more than the weight attributable to a consultative physician opinion. *See* 20 CFR 404.1527(d)(2) & (d)(2)(i). Even though Dr. Reindollar became Plaintiff's treating physician *after* the DLI, his opinion pertaining to this post-DLI period is immaterial to this Title XVI disability insurance benefits case.

For these reasons, Dr. Reindollar's opinion was not entitled to controlling weight, and therefore the decision of the Appeals Council to include the evidence of the opinion but leave the ALJ's decision undisturbed was supported by substantial evidence. The new opinion would not reasonably have changed the ALJ's decision. The conclusion of law in the M&R as to this point is correct under <u>Wilkins</u>, and the Plaintiff's objection thereto is overruled.

**Substantial evidence supported the ALJ's credibility determination.**

Plaintiff's fourth objection in the statement of additional errors is a verbatim restatement of a portion of her fourth Assignment of Error from her

original summary judgment memorandum. [Doc. 19-4, Doc. 11-18]. It does, however, point to a specific factual basis for assigning error, namely the ALJ's treatment of specific testimony in his credibility analysis. It will therefore be addressed *de novo*. See Aldrich v. Bock, 327 F.Supp.2d 743, 747 (2004).

An ALJ's credibility analysis is an evaluation of a claimant's subjective complaints about pain and symptoms, performed through a two-step process developed in Craig v.Chater, 76 F.3d 585, 589 (4th Cir. 1996). Step One requires an ALJ to determine whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594. Step Two requires that the ALJ next evaluate the alleged symptoms' intensity and persistence along with the extent to which they limit the claimant's ability to engage in work. Id., at 594; see also 20 C.F.R. § 404. 1529(c); SSR 96-7p. The ALJ must consider the following: (1) a claimant's testimony and other statements concerning pain or other subjective complaints; (2) claimant's medical history and laboratory findings; (3) any objective medical evidence of pain; and (4) any other evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595; 20 C.F.R. § 404.1529(c); SSR 96-7p. The term "other relevant evidence" includes such things as: a claimant's activities of daily living; the location, duration,

9

frequency and intensity of their pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness and side effects of medications taken to alleviate their pain and other symptoms; treatment, other than medication, received; and any other measures used to relieve their alleged pain and other symptoms. Id.

Plaintiff objects to the Magistrate Judge's treatment of the ALJ's having rejected or ignored two points to which Plaintiff testified to at the hearing. Plaintiff testified that she was not cleaning her house regularly, [T. 45] but the ALJ found that she was able to do her household chores. [T. 21]. She and her husband testified that she was not taking care of her husband in 2002, but the ALJ found that she was doing so.

Plaintiff actually testified that she was not cleaning her house "like she normally would" for the reason that it "was just too difficult" and she did not "care as much" if it got cleaned. [T. 45-6]. As such, there is really no inconsistency between the ALJ's finding and her testimony. The ALJ also recited Plaintiff's testimony that her daughter *helped her with* the chores [T. 20]. Based thereon the ALJ found as part of his credibility finding that she did "household chores, with some help." [T. 21]. This objection is not supported by the record.

As to the second point, Plaintiff is correct that she and her husband

testified that she was not taking care of her husband in 2002. He was no longer ill by that date. [T. 34, 36, 53, 55, 57]. The ALJ was, therefore, in error in attributing her prior (pre-onset) activity of caring for her ill husband to post-onset time periods. [T. 18].

Correcting such error, however, would not compel a different result. Evidence of Plaintiff's activities and her statements to doctors are recited at length in the ALJ's analysis. All of this taken together amounts to more than substantial evidence supporting the ALJ's finding on credibility.

An error that had no practical effect on the outcome of the case is not cause for reversing the Commissioner's decision. DeWalt v. Astrue, 2009 WL 5125208 (D.S.C.,2009), citing Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir.1987). For the preceding reasons, this Court finds that the Magistrate Judge did not err when he held that substantial evidence supported the ALJ's credibility analysis.

## IV. CONCLUSION

In conclusion, the Commissioner correctly applied the law, and the Commissioner's decision denying disability benefits was based on substantial evidence.

# ORDER

Accordingly, the Court **OVERRULES** Plaintiff's Objections (Doc. No. 19), **ADOPTS** the M & R (Doc. No. 18), **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 14), **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 10), and **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED**.

Signed: September 30, 2010

Martin Reidinger
United States District Judge